IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ADRIANA RISSER,** *Plaintiff,* | **CIVIL ACTION** |
| v. | **No. 18-4758** |
| **NANCY A. BERRYHILL,** *Defendant.* | |

## **MEMORANDUM**

### I. Introduction

Plaintiff Adriana Risser appeals the decision of the administrative law judge ("ALJ") denying Plaintiff's claim for disability insurance benefits. ECF No. 2. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Before the Court are Plaintiff's Complaint, Defendant's Answer, and the parties' respective briefs in support of and in opposition thereto. ECF Nos. 2, 11, 12 & 16.

### II. Background

On February 29, 2016, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning September 26, 2015. ECF No. 10-2 at p. 14. Plaintiff's claim was initially denied on June 17, 2016, and she thereafter filed a request for a hearing before an ALJ on July 8, 2016. *Id.* The ALJ convened a hearing on October 4, 2017. *Id.* In a written decision dated December 21, 2017, the ALJ denied Plaintiff's application for

benefits. *Id.* at p. 11. Plaintiff requested review of the ALJ's decision to the Appeals Counsel on February 20, 2018. ECF No. 10-2 at p. 6. The Appeals Council denied Plaintiff's request for review on September 19, 2018. ECF No. 10-2 at p. 2. The ALJ's decision accordingly stands as the "final decision" of the Commissioner for purposes of judicial review. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; *see also*, ECF No. 10-2 at p. 2.

Plaintiff commenced this action on November 2, 2018, seeking review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). ECF No. 2. Specifically, Plaintiff contends the following: 1) the case was improperly adjudicated by an ALJ who was not constitutionally appointed; 2) the ALJ did not reasonably explain his assessment of Plaintiff's residual functional capacity; 3) the ALJ did not reasonably explain his rejection of Plaintiff's testimony; and 4) the ALJ did not provide a legally acceptable rationale for finding Plaintiff not disabled.

For the following reasons, the Commissioner's decision will be vacated, and this matter will be remanded to the Commissioner with instructions to issue a new decision in accordance with the accompanying Order. The new decision shall be conducted by an ALJ who has been properly appointed in accordance with the Appointments Clause of the United States Constitution.

### III. Standard of Review

In reviewing the ALJ's decision to deny benefits, the Court is bound by the

ALJ's factual determinations, if they are supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 764 (3d Cir. 2009).

The Court shall review *de novo* the ALJ's rulings of law. *Gonzalez v. Berryhill*, 340 F. Supp. 3d 424, 427 (E.D. Pa. 2018) (citing *Krysztoforski v. Chater*, 55 F.3d 857, 858 (3d Cir. 1995)).

## IV. Discussion

Relying upon the Supreme Court's decision in *Lucia v. S.E.C.*, 138 S. Ct. 2044, 2049 (2018), Plaintiff seeks a remand of her case to the Social Security Administration for a new hearing on the ground that the ALJ who presided over her claim is an inferior officer under the Appointments Clause and was not constitutionally appointed consistent with that provision. ECF No. 12 at p. 2-3. The plaintiff in *Lucia* argued that his administrative proceedings before the Securities and Exchange Commission were invalid because the presiding ALJ was

3

not appointed in accordance with the Appointments Clause. The Supreme Court agreed with the plaintiff, concluding that the SEC's ALJs are "inferior officers" of the United States who must be properly appointed. *Lucia*, 138 S. Ct. at 2049, 2051-54. In determining a remedy, the Court relied on *Ryder v. United States*, 515 U.S. 177 (1995): "'one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief." *Lucia*, 138 S. Ct. at 2055 (quoting *Ryder*, 515 U.S. at 182-83). The Court noted that the plaintiff, having raised the Appointments Clause objections before the SEC and having reasserted it before the court of appeals and the Supreme Court, had made "just such a timely challenge," and remanded the matter for a rehearing before a new, constitutionally appointed ALJ. *Id.*

Following *Lucia*, the President signed an executive order that amended the process of future ALJ appointments. Exec. Order No. 13,843, 83 Fed. Reg. 32755 (July 10, 2018). On July 16, 2018, the Acting Commissioner of the SSA ratified the appointments of the SSA ALJs and approved their appointments. Soc. Sec. Admin., EM-18003 REV 2, *Important Information Regarding Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process-Update* (effective date 8/6/18).

In this case, the Commissioner does not dispute that the SSA's ALJs are inferior officers or that the ALJ in this case was not appointed in accordance with

4

the Appointments Clause. ECF No. 16 at p. 4, n.1. Rather, the Commissioner argues that Plaintiff's failure to assert a challenge to the ALJ's appointment before the SSA at any point in the administrative proceedings, whether before the ALJ or the Appeals Council, forfeited her Appointments Clause claim, thus barring its consideration by this Court. ECF No. 16 at p. 3. In other words, the issue before the Court is whether Plaintiff "timely" raised her Appointments Clause claim as that phrase is used in *Lucia*.

Acknowledging that this decision "breaks from the emerging consensus of federal district courts to address this issue," just as our sister court has done in *Bizarre v. Berryhill*, 364 F. Supp. 3d 418, 420 (M.D. Pa. 2019), the Court finds that Plaintiff has not waived her Appointments Clause claim by bringing it for the first time to this Court's attention on review now. The consensus of courts finding to the contrary generally holds that courts need only rely on *Lucia* to resolve the question of timeliness regarding related Appointments Clause claims. Many of the district courts rely heavily upon the Supreme Court's uncontested finding in *Lucia* that the plaintiff raised his Appointments Clause challenge "before the Commission, and continued pressing . . . in the Court of Appeals and this Court," to infer that the Court was defining "timely-raised" claims as those raised previously at the administrative level.

This Court respectfully disagrees with that reading of *Lucia* and instead

5

agrees with the reasoning of a number of courts in this district and in the Middle District of Pennsylvania who have more recently ruled that there is no requirement that an Appointments Clause challenge in this context be raised in the administrative proceeding or is otherwise forfeited. Indeed, the Court in *Lucia* did not need to take on the issue of what constitutes a "timely-raised" Appointments Clause challenge in these cases as the issue of timeliness was uncontested in that case. Consequently, the "majority's statement as to timeliness was not a bright-line demarcation of how and when such a claim must be brought; it simply confirmed the obvious timeliness of the fully preserved and exhausted claim as presented." *Bizarre*, 364 F. Supp. 3d at 420-21.

First, the Court finds that Plaintiff's Appointments Clause challenge is timely, and thus reviewable by this Court. The Commissioner relies heavily upon *Ginsburg v. Richardson*, 436 F.2d 1146, 1152 (3d Cir. 1971) and *Sims v. Apfel*, 530 U.S. 103 (2000) to support the argument that Plaintiff was required to raise her Appointments Clause challenge before the SSA in order to be considered timely. ECF No. 16 at pp. 5-10. We are unpersuaded.

We first observe that the Supreme Court has declined to require issue exhaustion at the Appeals Council level. *See Sims*, 530 U.S. at 112. In *Sims*, the Court held that "a judicially created issue-exhaustion requirement is inappropriate" and claimants "who exhaust administrative remedies need not also exhaust issues

6

in a request for review by the Appeals Council in order to preserve judicial review of those issues." *Id.* However, the Supreme Court limited its holding to Appeals Council review and declined to address whether a claimant must exhaust issues before the ALJ. *Id.* at 107.

In *Ginsburg*, the plaintiff alleged that the ALJ was prejudiced against her. The Third Circuit held that the plaintiff had waived that claim by failing to raise it before the ALJ, stating that the plaintiff should have requested that the ALJ withdraw, as provided by Social Security regulations, and finding that the plaintiff's failure to do so constituted waiver of the objection. *Ginsburg*, 436 F.2d at 1152. As other courts have found, we find *Ginsburg* inapplicable to the case at hand, as that case "concerned the Social Security Act and regulations, not a structural constitutional challenge to the SSA adjudicatory system at large." *Kellett v. Berryhill*, No. 18-4757, ECF No. 14, 2019 WL 2339968 at *5 (E.D. Pa. June 3, 2019); *see also*, *Bizzare*, 2019 WL 1014194 at *3 (explaining that the imposition of the exhaustion requirement before the ALJ is "quite logical for matters within the expertise of the agency and its ALJs" such as "claims of prejudice on the part of the ALJ and a failure to record portions of the testimony").

*Lucia* also supports the conclusion that Plaintiff was not required to raise the Appointments Clause claim before the ALJ as the plaintiff in *Lucia* did not raise his Appointments Clause challenge to the ALJ. Although as discussed previously,

the Court did not explicitly rule on whether an Appointments Clause challenge must be raised before the ALJ, the Court found that the plaintiff had "timely" raised such a challenge even though it was uncontested that he had not raised his challenge before the ALJ.

Furthermore, the ALJ's unconstitutional appointment goes to the validity of the underlying SSA proceeding and as such, should be considered by this Court even if the challenge was not properly preserved. In *Freytag v. Comm'r*, 501 U.S. 868, 879 (1991), the Supreme Court considered an Appointments Clause challenge to the appointment of a special trial judge to the U.S. Tax Court. The petitioners in that case failed to raise their Appointments Clause challenge before appealing to the Court of Appeals. *Id.* at 878-79. The Commissioner argued that the petitioners had waived their Appointments Clause challenge by failing to "timely" object to the assignment of a special trial judge and by consenting to the assignment. *Id.* The Court held that it had discretion to consider certain "nonjurisdictional structural constitutional objections . . . on appeal whether or not they were ruled upon below." *Id.* (citing *Gildden Co. v. Zdanok*, 370 U.S. 530, 536 (1962)). The Court, having recognized that "as a general matter, a litigant must raise all issues and objections at trial," explained that in "rare cases" it would excuse a litigant's "timely" failure to raise an Appointments Clause challenge where the constitutional challenge "is neither frivolous nor disingenuous" because such a

defect "goes to the validity" of the underlying proceedings. *Id.* at 879.

Just as other district courts have recognized, the "Appointments Clause argument 'features many of the same hallmarks underlying *Freytag*'s *ration decidendi*": the constitutional challenge is 'neither frivolous nor disingenuous' – pointing to the President's Executive Order issued after *Lucia* and the Solicitor General's post-*Lucia* guidance conceding all ALJs 'are inferior officers and must be appointed as such' – **and the ALJ's decision 'impacts the validity of the underlying proceeding' because the 'final agency decision in this case was issued by an administrative officer whose appointment did not comply with constitutional requirements.'"** *Culclasure v. Comm'r of Soc. Sec. Admin.*, 375 F. Supp. 3d 559, 573 (E.D. Pa. 2019) (citing *Bizarre*, 364 F. Supp. 3d at 422-23) (emphasis added).

The Commissioner argues that *Freytag* does not "categorically excus[e] Appointments Clause challenges from general waiver and forfeiture principles," and the Court agrees. ECF No. 16 at p. 5. However, *Freytag* provides an exception to general forfeiture principles in "rare cases," an exception that directly applies to the case at hand. Chief Judge Connor of the Middle District of Pennsylvania addressed the Commissioner's identical argument in that case by underscoring three reasons for finding that this general Appointments Clause matter constitutes a "rare case" as defined by *Freytag*: 1) "the Commissioner has

9

identified no authority, and we have found none, suggesting that the agency's ALJs could resolve constitutional challenges to their own appointment;" 2) "although claimants may raise constitutional challenges before the Appeals Counsel, they are not required to do so;" and 3) unlike other agencies, "the Social Security Administration has no statutory analogue warning its claimants that failure to raise a constitutional question before the agency may risk forfeiture of the issue." *Bizarre*, 364 F. Supp. 3d at 425.

As these same three reasons hold true in the instant matter, the Court finds that this is a "rare case" under *Freytag* and thus, Plaintiff has not forfeited her Appointments Clause claim by raising it for the first time now even if she was required to do so otherwise.

## V. Conclusion

For the foregoing reasons, Plaintiff's request for review will be granted and the Commissioner's decision will be vacated. We find that Plaintiff did not forfeit her Appointments Clause objection. Therefore, because the ALJ was improperly appointed, this matter will be remanded for further proceedings before a constitutionally appointed ALJ. An appropriate Order follows.

DATED: 8-6-2019          BY THE COURT:

_____
CHAD F. KENNEY, J.