IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADRIANA RISSER, | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| | : | |
| v. | : | No. 18-4758 |
| | : | |
| KILOLO KIJAKAZI[1], | : | |
| Acting Commissioner of | : | |
| Social Security, | : | |
| *Defendant.* | : | |

**MEMORANDUM**

**Kenney, J.**                                                                                                         **May 2, 2022**

In 2016, Plaintiff Adriana Risser applied for Social Security disability benefits, but was denied. ECF No. 12. In 2018, Plaintiff challenged the denial in the present Civil Action, which resulted in a favorable judgment for Plaintiff and the case being remanded for further administrative proceedings. Ultimately, following remand, Plaintiff was awarded past-due Social Security disability benefits totaling $69,588.60. Throughout the Civil Action, Plaintiff was represented by Mr. Robert Savoy ("Savoy" or "Plaintiff's Attorney"). Presently before the Court is Plaintiff's Attorney's Motion for an Award of Attorney's Fees Under 42 U.S.C. § 406(b).

I.  **PROCEDURAL HISTORY**

Plaintiff Risser applied for disability insurance benefits effective February 29, 2016, but her claim was denied on June 17, 2016. ECF No. 12 at 1.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant.

Following this denial, Risser requested a hearing, which was held before Administrative Law Judge Richard E. Guida (the "ALJ") on June 6, 2017. *Id.* After the hearing, the ALJ found that Risser was able to perform past relevant work and thus was not disabled as to qualify for Social Security disability benefits under the law. *Id.* Risser requested review from the Appeals Council, but on September 19, 2018, her request was denied and the ALJ's decision became the final decision of the Social Security Commissioner (the "Commissioner"). *Id.*

On November 2, 2018, Risser commenced this Civil Action requesting a review of the Commissioner's final decision. *Id.*

On August 6, 2019, this Court granted Plaintiff's Request for Review, vacated the Commissioner's decision, and remanded the decision for further administrative proceedings. ECF No. 23.

As a result of the remand, Risser was awarded past-due disability benefits in the amount of $69,588.60. ECF No. 43 at 4.

On April 29, 2020, attorney fees were awarded under the Equal Access to Justice Act in the amount of $4,531.34. ECF No. 42.

On April 15, 2022, Plaintiff's counsel, Robert Savoy, moved for attorney's fees pursuant to § 206(b)(1)(A) of the Social Security Act (the "SSA") requesting the Court award $11,397.15 as a reasonable attorney fee for his representation of Plaintiff in the present matter. 42 U.S.C. § 406(b)(1)(A); ECF No. 43. This Motion is now before the Court.

On April 27, 2022, Defendant Kilolo Kijakazi, Acting Commissioner of Social Security, filed a Response to the Motion for Attorney's Fees providing that Defendant neither supports or opposes counsel's request for attorney's fees. ECF No. 44.

II.     **LEGAL STANDARD**

The SSA states in relevant part that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter [i.e., Title II] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits...

42 U.S.C. § 406(b)(1).

The SSA also provides that it is a misdemeanor to charge, demand, receive or collect an attorney's fee from a Title II plaintiff other than as allowed by § 406(b)(1). *See* 42 U.S.C. § 406(b)(2).

The burden of proving a fee is reasonable is on the attorney seeking recovery. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 n.17 (2002). In addition, a court must "independent[ly] check" to "assure" that the fee requested is reasonable in relation to the particulars of the case before it. *Id.*

There are several factors that may be relevant to checking the reasonableness of a 42 U.S.C. § 406(b) request, including delay for which the attorney is responsible, and benefits that are large in comparison to the time counsel spent on the case. *Gisbrecht*, 535 U.S. at 808; *see also Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (finding the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved relevant to the district court's reasonableness inquiry in 406(b) cases). Additionally, when an attorney receives fees under both the Equal Access to Justice Act and 42 U.S.C. § 406(b), the attorney must refund the smaller fee awarded to the claimant. *See Gisbrecht*, 535 U.S. at 796.

### III.    DISCUSSION

For the reasons below, this Court finds that Plaintiff's request for $11,397.15 is reasonable. Pursuant to a fee agreement between Plaintiff's Attorney Savoy and Plaintiff Risser,

Savoy is permitted "to seek a fee up to 25 percent of any past due benefits awarded, less any fee awarded to any attorney for administrative representation." ECF No. 43 Ex. B. Savoy asserts that he "believes another attorney has been awarded $6,000 for administrative representation." *Id.* at 3.  Accordingly, Savoy is permitted to seek a fee up to $11,397.15 because 25% of Plaintiff's total award is $17,97.15, and $17,397.15, less the $6,000 administrative attorney's fees is equal to $11,397.15. *Id.*; *see also Id.* Ex. A. This amount, which is approximately 16.4% of the total amount awarded to Plaintiff Risser, thus also complies with the 25% statutory maximum. 42 U.S.C. § 406(b)(1).

As Plaintiff's Attorney points out, the risk of loss in these types of contingent agreements is significant, as recovery only receives payment upon a favorable outcome, and a favorable outcome is far from guaranteed. ECF No. 43 at 5 (citing data from the Social Security Advisory Board indicating that only 35% of Social Security disability claimants ultimately prevail).

Savoy has specialized in this area of law for over 44 years and has provided an itemized account of the 36.1 hours he spent working on this case. ECF No. 43 at 4–5; *Id.* Ex. C. Thus, the fee requested, $11,397.15, amounts to an hourly rate of $315.71, demonstrating that the fee requested is not "large in comparison to the amount of time counsel spent on the case," and that thus "no downward adjustment" is necessary. *Gisbrecht*, 535 U.S. at 808; *see also Janet H. v. Saul*, no. 1:19-cv-00939-DLP-JRS, (S.D.Ind. Nov. 25, 2020) (approving a $10,000 award that translated to a $3,333.33 hourly rate); *Wattles v. Comm'r of Soc. Sec.*, No. 10-2108 (C.D. Ill. Jan. 18, 2012) (approving a fee amounting to an hourly rate "between $2,500 and $3,125;").

Additionally, with the EAJA offset, Plaintiff will actually only pay $6,865.81 of the requested $11,397.15 because Savoy will remit $4,531.34 to Plaintiff. ECF No. 42 (awarding Plaintiff Equal Access to Justice Act attorney's fees in the amount of $4,531.34); *see also*

4

*Gisbrecht*, 535 U.S. at 796 (finding when an attorney receives fees under both the Equal Access to Justice Act and 42 U.S.C. § 406(b), the attorney must refund the smaller fee awarded to the claimant).

Finally, the Court notes that the motion for attorney fees is timely, as Savoy was not informed of the award until April 15, 2022. *Walker v. Astrue*, 593 F.3d 270 (3d Cir. 2010) ("the application of the [14-day] filing deadline is tolled until the notice of award is issued by the Commissioner and counsel is notified of that award."); *see also* ECF No. 43 at 7 (providing Savoy had no knowledge of the benefits award until April 7, 2022 and that he was not provided a copy of the Notice of Award from the Northeastern Program Service Center and the Office of the General Counsel until April 15, 2022).

### IV.   CONCLUSION

For the reasons stated above, this Court finds that Robert Savoy's request for attorney fees in the amount of $11,397.15 is reasonable. Plaintiff's Attorney's Motion for an Award of Attorney's Fees Under 42 U.S.C. § 406(b) will be granted. An appropriate order will follow.

**BY THE COURT:**

/s/ *Chad F. Kenney*

**CHAD F. KENNEY, JUDGE**